UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILLIAN TULLOCK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:05CV378 FRB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff Lillian Tullock's Request for Leave to File Affidavit Out of Time (filed July 10, 2006/Docket No. 13), and defendant's Motion to Dismiss (filed July 19, 2006/Docket No. 21). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Lillian Tullock commenced this action on March 7, 2005, alleging that the medical negligence of defendant's agents, servants and employees through St. Louis Comprehensive Neighborhood Health Center, Inc., a facility covered by the Federally Supported Health Centers Assistance Act of 1995, caused the death of decedent, Orville Tullock, and/or resulted in Orville Tullock's lost chance of survival. Defendant answered plaintiff's Complaint on May 12, 2005. On June 22, 2005, a Rule 16 Conference was held before the undersigned at which counsel for the parties appeared and after which a Case Management Order was entered,

governing the manner by which this cause was to proceed and setting forth deadlines by which certain matters were to be completed. Upon the request of the defendant, an Amended Case Management Order was entered March 1, 2006, extending all deadlines in the cause.

Plaintiff brings this cause of action against the United States pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq.

> The Federal Tort Claims Act waives sovereign immunity, and gives federal district courts jurisdiction, with respect to claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with *the law of the place* where the act or omission occurred."

LaFromboise v. Leavitt, 439 F.3d 792, 793 (8th Cir. 2006) (quoting 28 U.S.C. § 1346(b)(1)) (emphasis in LaFromboise).

As such, the source of substantive liability under the Federal Torts Claims Act is the law of the State where the alleged offending conduct occurred. Id. (citing FDIC v. Meyer, 510 U.S. 471, 478 (1994)).

In this cause, the parties do not dispute that, at the time plaintiff commenced this medical malpractice/wrongful death action in March 2005, Mo. Rev. Stat. § 538.225 (1986) provided substantive law governing such claims:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or attorney shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> 2. The affidavit shall state the qualifications of such health care providers to offer such opinion.
>
> 3. A separate affidavit shall be filed for each defendant named in the petition.
>
> 4. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended.
>
> 5. If the plaintiff or his attorney fails to file such affidavit the court may, upon motion of any party, dismiss the action against such moving party without prejudice.

The affidavit contemplated by § 538.225 was not filed by plaintiff with the filing of her Complaint on March 7, 2005, nor was it filed within ninety days thereafter. Plaintiff now seeks leave to file the affidavit out of time, averring that prior to filing her Complaint, she had in her possession a written statement by a qualified medical expert certifying the merit of the case, but that by inadvertent omission, the affidavit attesting to that fact was

not filed with the Court.  In response, defendant seeks to dismiss the cause under § 538.225(5), arguing that the lack of a timely affidavit deprives this Court of subject matter jurisdiction.

Although defendant argues that the failure to file an affidavit as directed by § 538.225 deprives this Court of subject matter jurisdiction, defendant cites to no authority for its position and the Court is aware of none.  Indeed, as noted by plaintiff, Missouri courts have held otherwise:

> In this case, Plaintiff filed her medical negligence case in the Circuit Court of Jasper County, Missouri.  It is undisputed that Plaintiff's cause of action falls within the general class of cases over which that court's authority extends.  Therefore, the court had subject matter jurisdiction over this case on November 22, 1996, the filing date of Plaintiff's petition.  Nothing in the statute suggests that a timely filed affidavit is a "condition precedent" to the court acquiring subject matter jurisdiction over Plaintiff's case nor does the statute suggest that somehow that court loses jurisdiction in the absence of a timely filed affidavit.  [Appellant] cites no caselaw supporting its point.  Our independent research reveals no such authority.

Burns v. Elk River Ambulance, Inc., 55 S.W.3d 466, 473-74 (Mo. Ct. App. 2001).

In addition, the undersigned notes that § 538.225(5) provides the Court with the *discretion* to dismiss the case in the event an affidavit is not filed.  To permit the Court in its discretion to proceed in a case over which it otherwise has no subject matter

jurisdiction would be antithetical to basic principles of law governing subject matter jurisdiction. See, e.g., Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) (lack of subject matter jurisdiction cannot be waived). Defendant's argument that this Court lacks subject matter jurisdiction over the cause is without merit and should be denied.

"If the plaintiff or his attorney fails to file such affidavit the court may, *upon motion of any party,* dismiss the action against such moving party without prejudice." Mo. Rev. Stat. § 538.225(5) (1986) (emphasis added). No authority is provided in the statute for the Court to sua sponte dismiss an action for failure to file the required affidavit. Instead, the plain language of the statute dictates that the Court may act only upon motion of a party. In this cause, defendant did not invoke § 538.225(5) and file a motion to dismiss until July 19, 2006, in response to the request of plaintiff to file the affidavit out of time. While defendant avers that it requested dismissal of the action in its Answer filed May 12, 2005, the undersigned notes that defendant's request constituted its general prayer for relief on its affirmative defenses raised therein, which included an affirmative defense that plaintiff's failure to file the affidavit deprived this Court of jurisdiction. As aptly noted by plaintiff, however, any request to dismiss on such a basis raised in the Answer on May 12, 2005, would have been premature inasmuch as

plaintiff had ninety days from the filing of the Complaint, that is, until June 5, 2005, to file the affidavit.

Nevertheless, plaintiff's request to file the affidavit came thirteen months after the affidavit was due to be filed. Defendant's motion to dismiss, however, came thereafter. Plaintiff avers that during that period of time, the progression of this lawsuit was not impeded, written discovery was completed and the depositions of the parties were taken. The undersigned has reviewed the respective positions of the parties and has considered the prejudice to each party in the event the cause were to proceed or were to be dismissed. Weighing heavily in the Court's consideration is the fact that this cause could *not* be dismissed under § 538.225(5) except upon motion of a party and that such a motion did not come until over thirteen months after the deadline for the filing of the affidavit had passed and then only in response to plaintiff's request to file the affidavit out of time. In view of the extensive discovery which has already been completed in the cause without apparent objection, and the dilatory nature of the defendant's action in seeking dismissal, the undersigned finds that the prejudice to plaintiff in the event of dismissal would greatly outweigh any prejudice to defendant if the cause were to proceed. The Court thus determines that good cause exists for permitting plaintiff to file the affidavit out of time, and defendant's motion to dismiss should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (Docket No. 21) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Request for Leave to File Affidavit Out of Time (Docket No. 13) is granted.

**IT IS FURTHER ORDERED** that not later than **October 13, 2006**, plaintiff shall file with the Court an affidavit signed in compliance with Section II.G of this Court's Administrative Procedures for Case Management/Electronic Case Filing.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _3rd_ day of October, 2006.